# A

**STATE OF RHODE ISLAND**
**PROVIDENCE, SC**

**SUPERIOR COURT**

Gerardo Castaneda-Rivera,

Plaintiff(s),

vs.

DAVOL, INC., and C.R. BARD, INC.,
Defendants.

§ § § § § § § § § § § § § § § § § § § § § § § § § § § § § §

Civil Action No. ________________

Jury Trial Demanded

(previously filed under
Civil Action No. PC 07 6782,
Adkins, Melinda, et. al. v. Davol, Inc. and
C.R. Bard, Inc.)

**COMPLAINT**

**I.**

**PARTIES**

1.1 Plaintiffs file this amended complaint pursuant to the Court's order in Adkins, Melinda, et. al. v. Davol, Inc. and C.R. Bard, Inc., Cause No. PC 07 6782 that each patient's suit continue separately.

1.2 The lead Plaintiff, hereafter referred to as Plaintiff, is a citizen of the state of Virginia, and is the party that received by way of surgery, a Kugel patch,

manufactured and/or sold by Defendants. Plaintiff's, spouse also joins in this action, and this action is brought on the spouse's behalf to assert the spouse's claims for loss of consortium. Plaintiff's child(ren) also join(s) in this action and/or this action is brought on their behalf by their named Plaintiff parent, to assert their claim for loss of society and companionship.

1.3 Defendant, Davol, Inc. ("Davol") is a corporation that is incorporated under the laws of the State of Rhode Island. Davol has its principal place of business in the State of Rhode Island. It manufactures the Kugel Patches ("Kugel Patch") at 100 Sockanosset Crossroad, Cranston, Rhode Island. Davol has a registered agent in Rhode Island at CT Corporation Systems, 10 Weybosset St., Providence, Rhode Island, 02903. Davol focuses its business on promoting products in key surgical specialties, including hernia repair, homeostasis, orthopedics and laparoscopy. Defendant, Davol, has previously been served with process and complaint in Adkins, Melinda, et. al. v. Davol, Inc. and C.R. Bard, Inc., Cause No. PC 07 6782 and has previously appeared before this Court and sought relief.

1.4 Defendant, C.R. Bard, Inc. ("Bard"), is a corporation that is incorporated under the laws of the State of New Jersey. It is the corporate parent/stockholder of Davol and participates in the manufacture and distribution of Kugel Patches. It also manufactures and supplies Davol with materials that form part of the Kugel Patches. Bard at all times relevant did substantial and continuous business in the State of Rhode Island. C.R. Bard can be served at C.R. Bard, Inc., c/o Judith Reinsdof, 730 Central Avenue, Murray Hill, New Jersey, 07974. Defendant, Bard, has previously been served with process and complaint in Adkins, Melinda, et. al. v. Davol, Inc. and C.R. Bard, Inc., Cause No. PC 07 6782 and has previously appeared before this Court and sought relief.

## II.
## Jurisdiction and Venue

2.1 This Court has subject matter jurisdiction because this is a civil action in which the amount in controversy exceeds $10,000.

2.2 Plaintiffs' complaint raises no federal question. Plaintiffs assert no claim arising under the laws, treaties, or Constitution of the United States.

2.3 Joinder of multiple Plaintiffs is proper under Rule 20(a) of the Rhode Island Superior Court Rules of Procedure. Plaintiffs' claims arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law and fact will arise in the action. Specifically, Plaintiffs' claims arise from the implantation of Defendants' defective Kugel Patches.

## III
## Background Facts

Plaintiffs, by and through their attorneys, allege upon information and belief, as follows:

3.1 Defendant Davol designed, manufactured and distributed the Kugel Patches, hernia patches that were inserted into Plaintiffs. Defendant Davol, through its agents, servants and employees, participated in the manufacture and delivery of these Kugel Patches.

3.2 Defendants submitted their 510(k) application to the Federal Drug Administration ("FDA").

3.3 Plaintiff had hernia repair performed at which time a Kugel Patch was inserted in Plaintiff's body.

3.4 The Kugel Patch product implanted in the Plaintiff was designed, manufactured, sold, and distributed by Davol to be used by surgeons for hernia repair

surgeries and were further represented by Davol to be an appropriate, cost-effective and suitable product for such purpose.

3.5 The FDA issued a Class I recall due to problems related with these medical devices that are potentially life threatening or could cause a serious risk to the health of the patients implanted with the devices. Other Kugel Patches are subject to investigation and may be recalled in the future.

3.6 On December 22, 2005, Davol and/or C.R. Bard recalled many sizes of Kugel Patches under a Class I recall notice.

3.7 Incidents of ring migration, ring breakage and patch delamination, intestinal fistulae, bowel perforation and even death have been reported.

3.8 On March 24, 2006, the initial Class I recall on the Kugel Patches was expanded to include several more sizes of the patch and numerous additional lots of the defective hernia mesh patches.

3.9 On January 10, 2007, the existing recall on the Kugel Patches were again expanded to encompass further production lots of the defective hernia mesh products.

3.10 Davol and Bard withdrew a large number of Kugel Patches as a result of the high complication and failure rates of the product.

3.11 Davol and Bard failed to comply with the FDA application and reporting requirements.

3.12 Davol and Bard were aware of the high degree of complication and failure rates associated with their Kugel Patches before they were recalled.

3.13 Davol and Bard were aware of the defect in manufacture and design prior to the recall of their Kugel Patches.

3.14 The complications and failures associated with the Kugel Patches are not limited to the sizes that Davol and Bard have already recalled.

3.15 Davol and Bard were aware of the defect in manufacture and design of the non-recalled Kugel Patches sizes and chose not to issue a recall on all Kugel Patches in the face of the high degree of complication and failure rates.

3.16 As a result of the Kugel Patches being implanted in Plaintiff, Plaintiff has suffered and will continue to suffer physical pain and mental suffering.

3.17 As a result of the Kugel Patches being implanted in the Plaintiff, Plaintiff has incurred and will continue to incur substantial medical treatment and expenses; decreased enjoyment and quality of life; scarring and disfigurements; lost wages and a loss of earning capacity; wrongful death damages including but not limited to pecuniary damages; and Plaintiffs otherwise and are permanently injured.

## CAUSES OF ACTION AGAINST DEFENDANTS

### IV.
### NEGLIGENCE

4.1 Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

4.2 Defendants Davol and Bard committed acts of commissions and omissions that constituted negligence, and that negligence proximately caused Plaintiff's injuries and Plaintiffs' damages.

4.3 Davol and Bard, at all times relevant, had a duty to properly manufacture, test, inspect, package, label, distribute, market, examine, maintain, supply, provide proper warnings and prepare for use of the Kugel Patches.

4.4 Davol and Bard at all times mentioned knew, or in the exercise of reasonable care should have known, that the Kugel Patches were of such a nature that they were not properly manufactured, tested, inspected, packaged, labeled, distributed,

marketed, examined, sold, supplied, prepared and/or provided with the proper warnings, and were, accordingly, likely to injure the Kugel Patches' users.

4.5 Davol and Bard so negligently and carelessly designed, manufactured, tested, failed to test, inspected, failed to inspect, packaged, labeled, distributed, recommended, displayed, sold, examined, failed to examine and supplied the Kugel Patches, that they were dangerous and unsafe for the use and purpose for which they were intended.

4.6 Davol and Bard were aware of the probable consequences of the Kugel Patches. Davol and Bard knew or should have known the Kugel Patches would cause serious injury; Davol and Bard failed to disclose the known or knowable risks associated with the Kugel Patches. Davol and bard willfully and deliberately failed to avoid those consequences, and in doing so, Davold and Bard acted in conscious disregard for the safety of all Plaintiffs.

4.7 Defendants Davol and Bard owed a duty to Plaintiffs and physicians to adequately warn of the risk of breakage, separation, tearing, and splitting associated with the Kugel Patches and the resulting harm and risk it would cause Plaintiffs.

4.8 Defendants Davol and Bard breached their duty by failing to comply with state and federal regulations concerning the study, testing, design, development, manufacture, inspection, production, advertisement, marketing, promotion, distribution, and/or sale of the Kugel Patches.

4.9 As a direct and proximate result of the duties breached, the Kugel Patches used in the Plaintiff's hernia repair surgery failed, resulting in suffering, pain and harm.

4.10 As a direct and proximate result of Davol and Bard's negligence, all Plaintiffs have suffered injuries and damages.

4.11 Davol's and Bard's conduct in continuing to market, sell and distribute the Kugel Patches after obtaining knowledge they were failing and not performing as represented and intended, showed a complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter Davol, Bard and others from similar conduct in the future.

## V.
## RHODE ISLAND DECEPTIVE TRADE PRACTICES ACT

5.1 Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

5.2 Defendants Davol and Bard engaged in unfair and deceptive trading practices in violation of G.L. § 6-13.1-1.1(6)(v), (vii), (xii), (xiii), (xiv), (xvii) and which resulted in injuries and damages to all Plaintiffs.

5.3 Defendants Davol and Bard are merchants who study, test, design, develop, manufacture, inspect, produce, market, promote, advertise, distribute and/or sell the Kugel Patches for hernia repair surgery.

5.4 Defendants Davol and Bard knowingly committed unfair and deceptive practices in their study, test, design, development, manufacture, inspection, production, marketing, promotion, advertising, distribution and/or sale of the Kugel Patches for hernia repair surgery.

5.5 Defendants Davol and Bard knowingly committed unfair and deceptive practices when they failed to safely design and construct effective Kugel Patches for hernia repair surgery.

5.6 While Defendants Davol and Bard knew or reasonably should have known that some Kugel Patches were at risk while they were engaged in the studying,

testing, designing, developing, manufacturing, inspecting, producing, advertising, marketing, promoting, distributing and/or selling of the Kugel Patches for hernia repair surgery, specifically that the "memory coil ring", upon being subjected to stress after placement the intra-abdominal space, posed a significant risk of breakage, separation, migration, tearing and splitting that posed the danger of severe harm and death to patients.

5.7 Davol and Bard did not inform the FDA prior to December 2005, of its knowledge concerning the dangers posed to patients of its Kugel Patches which were susceptible to failure and subject to the Class I recall.

5.8 Davol and Bard did not inform the public at large prior to December 2005, of its knowledge concerning the dangers posed to patients of its Kugel Patches which were susceptible to failure and subject to the Class I recall.

5.9 Davol and Bard failed to give adequate warnings regarding the use and potential problems with use for hernia repair.

5.10 Davol and Bard's actions occurred while they were engaged in trade and commerce, and all of the conduct occurred during the course of their business.

5.11 Davol's and Bard's conduct in continuing to market, sell and distribute Kugel Patches after obtaining knowledge that they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter Davol, Bard and others from similar conduct in the future.

## VI.
## STRICT PRODUCTS LIABILITY

6.1 Plaintiffs re-allege and incorporate by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

6.2 Davol and Bard designed, manufactured, assembled, distributed, conveyed and/or sold the Kugel Patches for hernia repair surgery.

6.3 Defendants Davol and Bard are strictly liable to Plaintiffs for defects in the design, manufacture, and marketing of the Kugel Patches that were rendered unreasonably dangerous for their intended use and proximately caused Plaintiff's injuries and Plaintiffs' damages.

6.4 The defects in the Kugel Patches, which existed when they left Defendants' control, created a strong likelihood of injury not contemplated by users or consumers.

6.5 The Kugel Patches were defective because they failed to perform safely and effectively for the purpose they were originally designed. The Kugel Patches surgically implanted in Plaintiff's body failed, causing or potentially causing serious physical complications.

6.6 At all times mentioned, the Kugel Patches were substantially in the same condition as when they left the possession of Davol.

6.7 The Kugel Patches implanted into the Plaintiff were being used in the manner reasonably anticipated at the time they were implanted.

6.8 The Kugel Patches, like the ones found in the Plaintiff, at the time they left the possession of Davol and/or Bard, were unreasonably dangerous for their intended use, and were unreasonably dangerous products that presented and constituted an unreasonable risk of danger and injury to the Plaintiff as follows:

a. The Kugel Patches were sold in a defective condition by design and manufacture;

b. The Kugel Patches, as designed and manufactured, were unsafe to the Plaintiffs;

c. The Kugel Patches, as designed and manufactured, were unreasonably dangerous to the Plaintiffs;

d. The Kugel Patches did not perform safely as ordinary consumers/patients, like the Plaintiffs, would expect;

e. The Kugel Patches, as designed and manufactured, were unsafe for their intended use;

f. Davol and Bard failed to warn the end users about the dangers and risks of the products;

g. Davol and Bard knew the component parts of the Kugel Patches, as implemented through design and/or manufacture, could cause injury to the end users;

h. Davol and Bard failed to implement an adequate, safe and effective "memory coil ring" and/or its interaction with the mesh of the Kugel Patches to withstand the foreseeable stresses they would be subjected to within the intra-abdominal space;

i. Davol and bard failed to avoid migration of the Kugel Patches and/or their components from the initial sites of the hernia repair surgeries; and

j. Any other acts or failures to act by Davol and Bard regarding their studying, testing, designing, developing, manufacturing, inspecting, producing, advertising, marketing, promoting, distributing, and/or sale of Kugel Patches for hernia repair surgeries as will be learned during discovery.

6.9 Davol's and Bard's conduct in continuing to market, sell and distribute the Kugel Patches after obtaining knowledge that they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter Davol, Bard and others from similar conduct in the future.

## VII.
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

7.1 Plaintiffs re-allege and incorporate by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

7.2 Defendant Davol and Bard are liable to Plaintiffs for the negligent infliction of emotional distress in the following respects:

7.3 Plaintiffs suffered severe emotional distress, which was a result of Defendants' negligent conduct in studying, designing, developing, testing, inspecting, manufacturing, producing, advertising, marketing, promoting, distributing, and/or selling of the Kugel Patches for hernia repair surgery.

7.4 Therefore, Davol and Bard are liable to all Plaintiffs.

7.5 Davol's and Bard's conduct in continuing to market, sell and distribute the Kugel Patches after obtaining knowledge that they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for

the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter Davol, Bard and others from similar conduct in the future.

## VIII.
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

8.1 Plaintiffs re-allege and incorporate by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

8.2 Defendants Davol and Bard are liable to Plaintiffs for the intentional infliction of emotional distress.

8.3 Plaintiffs suffered severe emotional distress, which was as a result of Davol's and Bard's extreme, outrageous, intentional, willful and reckless conduct in studying, designing, developing, testing, inspecting, manufacturing, producing, advertising, marketing, promoting, distributing and/or sale of the Kugel Patches for hernia repair surgery.

8.4 Plaintiffs suffered severe emotional distress, which was as a result of Davol's and Bard's extreme outrageous, intentional, willful and reckless conduct in failing to adequately and safely design and construct an effective and safe Kugel Patches for hernia repair surgery, in complete and reckless disregard for the safety of all Plaintiffs.

8.5 Davol's and Bard's conduct in continuing to market, sell and distribute the Kugel Patches after obtaining knowledge that they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter Davol, Bard and others from similar conduct in the future.

## IX.
## BREACH OF IMPLIED WARRANTY

9.1 Plaintiffs re-allege and incorporate by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

9.2 Defendants Davol and Bard's breach of implied warranty proximately caused all of the Plaintiff's injuries and Plaintiff's damages.

9.3 Davol and Bard sold the Kugel Patches which were implanted in Plaintiff. Davol and Bard impliedly warranted to Plaintiff, physicians and health care providers, that the Kugel Patches were of merchantable quality and safe for the use for which they were intended.

9.4 Davol and Bard knew or should have known that the Kugel Patches, at the time of sales, were intended to be used for the purpose of surgically implanting them into the bodies of consumers for hernia repair.

9.5 Plaintiff, physicians and health care providers reasonably relied on Davol's and Bard's judgment, indications and statements that the Kugel Patches were fit for such use.

9.6 When the Kugel Patches were distributed into the stream of commerce and sold by Davol and Bard, they were unsafe for their intended use, and not of merchantable quality, as warranted by Davol and Bard in that they had very dangerous propensities when used as intended and implanted into a patient's body where they could cause serious injury, harm or death to the patient.

## X.
## FAILURE TO WARN

10.1 Plaintiffs re-allege and incorporate by reference each and every allegation contained in preceding paragraphs as though fully set forth herein.

10.2 In the course of business, Davol and Bard designed, manufactured and sold the Kugel Patches to Plaintiffs for hernia repair surgeries.

10.3 At the time of the design, manufacture and sale of the Kugel Patches, and more specifically at the time the Plaintiff received the Kugel Patch, they were defective and unreasonably dangerous when put to their intended and reasonably anticipated use. Further, the Kugel Patches were not accompanied by proper warnings regarding significant adverse consequences associated with the Kugel Patches.

10.4 Bard and Davol failed to provide any warnings, labels or instructions of the Kugel Patches' dangerous propensities that were known or reasonably scientifically knowable at the time of distribution. The reasonably foreseeable use of the products involved significant dangers not readily obvious to the ordinary users of the products. Bard and Davol failed to warn of the known or knowable injuries associated with malfunction of the Kugel Patches, including, but not limited to rupture of the Kugel Patches and severe peritonitis and infections which would require subsequent surgical procedures and could result in severe injuries.

10.5 The dangerous and defective conditions in the Kugel Patches existed at the time they were delivered by the manufacturer to the distributor. At the time the Plaintiff had hernia repair surgery, the Kugel Patches were in the same condition as when manufactured, distributed and sold.

10.6 Plaintiff did not know at the time of use of the Kugel Patches, and not any time prior thereto, of the existence of the defects in the Patches.

10.7 Plaintiffs suffered the aforementioned injuries and damages as a direct result of Davol and Bard's failure to warn.

10.8 The conduct of Bard and Davol in continuing to market, promote, sell and distribute the Kugel Patches after obtaining knowledge that the products were failing

and not performing as represented and intended, showed a complete indifference to or conscious disregard for the safety of others, justifying an award in such sum which will serve to deter Bard, Davol and others from similar conduct.

## DAMAGES

### XI.
### ACTUAL DAMAGES

11.1 As a proximate result of Defendants' conduct, Plaintiff suffered in the past and will likely suffer in the future, damages including medical expenses, physical pain and mental anguish, disfigurement, impairment, lost wages and loss of earning capacity.

11.2 As a proximate result of Defendants' conduct, the spouse, if any, of Plaintiff, suffered in the past and will likely suffer in the future, damages including loss of consortium.

11.3 As a proximate result of Defendants' conduct, the child(ren), if any, of Plaintiff, suffered in the past and will likely suffer in the future, damages including loss of society and companionship.

### XII.
### PRE-JUDGMENT AND POST-JUDGMENT INTEREST

12.1 Plaintiffs seek pre-judgment and post-judgment interest at the maximum legal rate.

### XIII.
### EXEMPLARY DAMAGES

13.1 As a result of Defendants' conduct, Plaintiffs are entitled to recover exemplary or punitive damages from Defendants.

### XIV.
### JURY DEMAND

14.1 Plaintiffs request a jury trial.

## XV.
## CONDITIONS PRECEDENT

15.1 All conditions precedent to Plaintiffs' right to recover and to Defendants' liability have been performed or have occurred.

## XVI.
## PRAYER

16.1 WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein, that this cause be set for trial before a jury, and that Plaintiffs recover a judgment of and from Defendants for their actual and exemplary damages in such an amount as the evidence may show and the jury may determine to be proper, together with all pre-judgment interest, post-judgment interest, costs of suit, and such other and further relief to which Plaintiffs may show themselves to be justly entitled, whether at law or in equity.

Respectfully submitted,

**ATTORNEYS FOR THE PLAINTIFFS:**

Anthony E. Pletcher – *Pro Hac Vice*
TX SBN: 16069800
Fed Bar No. 2842
Email: tpletcher@wattslawfirm.com

Mikal C. Watts – *Pro Hac Vice*
TX SBN: 20981820
Email: mcwatts@wattslawfirm.com

Robert J. Patterson – *Pro Hac Vice*
TX SBN: 15604500
Email: bpatterson@wattslawfirm.com

Austin W. Anderson – *Pro Hac Vice*
TX SBN: 24045189
Email: aanderson@wattslawfirm.com

Watts Law Firm, L.L.P.
2506 North Port Avenue
Corpus Christi, TX 78401
(361) 693-3100 [telephone]
(361) 882-1261 [facsimile]

David Morowitz
SBN: 3892
The Law Office of David Morowitz, Ltd.
155 South Main Street
Providence, RI 02903
(401) 274-5556 [telephone]
(401) 273-8543 [facsimile]
Email: david@morowitzlaw.com

**Certificate of Service**

I, Anthony E. Pletcher, hereby certify that a true copy of the within Complaint was sent via CD by Certified Mail, Return Receipt Requested, on or before the 30th day of April, 2008, to attorneys for defendants listed below.

Anthony E. Pletcher – *Pro Hac Vice*

Morison Mahoney, LLP
Mr. Mark T. Nugent
Mr. Thomas M. Robinson
10 Weybosset Street, Suite 900
Providence, RI 02903

Spriggs & Hollingsworth
Mr. Kirby T. Griffis *Pro Hac Vice*
Mr. Dana Alan Gausepohl *Pro Hac Vice*
Mr. Michael L. Junk *Pro Hac Vice*
1350 I Street, NW, 9th Floor
Washington, DC 20005

**ATTORNEYS FOR DEFENDANTS**

Courtesy Copy of the Complaint via CD is forwarded to:
Denise Guertin, Assistant Supervisory Clerk, Providence County Superior Court
250 Benefit St.
Providence, RI 02903

**Clerk's Office Court**

This is to notify you that in the case of:

Gerardo Castaneda-Rivera vs. Davol

The File No. will be ____

PC 08-3073

Please have your Secretary file this information in your own file.

Thank you,

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

SUPERIOR COURT

# CIVIL CASE COVER SHEET

CASE #

THIS FORM MUST BE FILED WITH EACH ORIGINAL DOCUMENT THAT COMMENCES A CIVIL PROCEEDING IN THE CLERK'S OFFICE. IF THE CASE IS A DISTRICT COURT APPEAL, THIS FORM MUST BE FILED WITH THE APPEAL IN THE DISTRICT COURT AND WILL BE TRANSFERRED WITH OTHER DOCUMENTS TO THE SUPERIOR COURT.

| | |
|---|---|
| Gerardo Castaneda-Rivera | Davol, Inc. and C.R. Bard, Inc. |
| PLAINTIFF ID# | DEFENDANT ID# |

NATURE OF PROCEEDING - CHECK ONE APPLICABLE CASE TYPE UNDER MAIN CATEGORIES LISTED BELOW.

| CIVIL ACTION | | |
|---|---|---|
| ( ) AA AGENCY APPEAL | ( ) EX EXCESSIVE TAX | ( ) PR PARTITION |
| ( ) AB ASSAULT & BATTERY | ( ) FF FORFEITURE | ( ) RC REINSTATE CHARTER |
| ( ) AE ASBESTOS CASES | ( ) FG FOREIGN JUDGMENT | ( ) PT PROMISSARY NOTE |
| ( ) AI ANTI-TRUST | ( ) FS FRIENDLY SUIT | ( ) RY REAL PROPERTY |
| ( ) BA BOOK ACCOUNT | ( ) ID PER INJURY/PROP DAM/VEH | ( ) SA SEXUAL ABUSE |
| ( ) BP BILL OF RIGHTS-POLICE OFF | ( ) IJ INJUNCTIVE RELIEF | ( ) SF SPECIFIC PERFORMANCE |
| ( ) CH CIVIL RIGHTS/JOB DISCRIM | ( ) IP INTERPLEADER | ( ) SX SEXUAL HARASSMENT |
| ( ) CI CRIMINAL INJURY COMP | ( ) LC LEAD CASE | ( ) TD CONTRACT DAMAGES |
| ( ) CL COMMON LAW ASSIGNMENT | ( ) LS LIBEL/SLANDER | ( ) TE TRESSPASS & EJECTMENT |
| ( ) CM COMMON LAW LIEN | ( ) ME MALPRACTICE/LEGAL | ( ) TO TITLE CLEARING |
| ( ) CS CONVERSION | ( ) MM MALPRACTICE/MEDICAL | ( ) TV TRUSTEE/APPT CONVEY TITLE |
| ( ) CV CRIMINAL CONVERSION | ( ) MO MALPRACTICE/OTHER | ( ) TG TRUSTEE/ACCOUNTING |
| ( ) CH CIVIL RIGHTS/JOB DISCRIMIN | ( ) OV OTHER CIVIL ACTION | ( ) UM UNINSURED MOTORIST |
| ( ) DJ DECLARATORY JUDGMENT | ( ) PB PROPERTY DAMAGES | ( ) WM WRIT OF MANDAMUS |
| ( ) DG RECOVERY OF DAMAGES | ( ) PG PROPERTY DAMAGES/VEH | ( ) WR WRIT OF REPLEVIN |
| ( ) DB DEBT ON JUDGMENT | ( ) PI PERSONAL INJURY | ( ) WD WRONGFUL DEATH |
| ( ) DD DECEPTIVE TRADE PRACTICE | ( ) PJ PERSONAL INJURY/VEHICLE | (X) KP KUGEL PATCH |
| ( ) DN DENIAL OF PROBATE CLAIM | ( ) PL PRODUCT LIABILITY | |

| MISCELLANEOUS PETITION | | |
|---|---|---|
| ( ) AC ARBITRATION/CONFIRM | ( ) GJ GRAND JURY INVESTIGATION | ( ) PX PETITION TO EXPUNGE |
| ( ) AD ARBITRATION AWARD | ( ) HC HABEAS CORPUS | ( ) PY PETITION INVENT (WIRE TAP) |
| ( ) AS ASSESSMENT OF DAMAGES | ( ) LN LEVEL COMMUN NOTIFICATION | ( ) RS ARBITRATION REFERRAL |
| ( ) CE CONDEMNATION | ( ) ML MECHANICS LIEN | ( ) RP RULE 8A PETITION |
| ( ) CN CONFIRM COMPROMISE | ( ) MW MATERIAL WITNESS | ( ) RV RECEIVERSHIP |
| ( ) CP CONTEMPT | ( ) OM OTHER MISC PETITION | ( ) SO SEXUAL VIOLENT PREDATOR |
| ( ) DI DISCLAIMER | ( ) OW OUT OF STATE WITNESS | ( ) TA APPOINTMENT OF TRUSTEE |
| ( ) DS DISSOLUTION OF CORP | ( ) PC POST CONVICTION RELIEF | ( ) TC TITLE CLEARING (TAX TITLE) |
| ( ) DT DECLINATION OF TRUSTEE | ( ) PD PETITION TO TAKE DEPO | ( ) TL FORECLOSURE/TAX LIEN |
| ( ) EN END PARTNERSHIP | ( ) PM PETITION FOR IMMUNITY | ( ) TS TRUSTEE SUCCESSOR |
| ( ) FC FORFEITURE OF CHARTER | ( ) PO PETITION FOR CONSTABLE | ( ) VC VACATE ARBITRATION |
| ( ) FL FORECLOSURE RIGHTS REDEM | ( ) PS PERFORM SURGERY | |

| PROBATE APPEAL | | |
|---|---|---|
| ( ) GD GUARDIANSHIP | ( ) OA OTHER PROBATE APPEAL | ( ) WL WILL |
| ( ) NC NAME CHANGE | ( ) TU TRUST | |

| DISTRICT COURT APPEAL |
|---|
| ( ) DISTRICT COURT APPEAL |

TRIAL (X) YES ( ) NO IF YES: (X) JURY ( ) NON-JURY

ATTORNEY NAME & REGISTRATION# Anthony E. Pletcher - TX SBN: 16069800
PRO SE/NAME: David Morowitz - SBN: 3892 DATE: TODAY